1
2
3
4
5
6                     **UNITED STATES DISTRICT COURT**
7                          **DISTRICT OF NEVADA**
8
9    CECIL LAMAR HALL,
10          *Petitioner*,                          2:08-cv-01825-GMN-GWF
11   vs.                                           ORDER
12
     DIRECTOR, DEPARTMENT OF
13   CORRECTIONS, *et al.*,
14          *Respondents*.
15
16        This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on

17   petitioner's motion (#17) for leave to conduct discovery.

18                                  ***Background***

19        Petitioner Cecil Lamar Hall seeks to set aside his 2006 Nevada state conviction,

20   pursuant to a guilty plea, of lewdness with a child under fourteen years of age.   He is

21   sentenced to a life sentence with eligibility for parole after ten years.

22        Petitioner seeks leave under Rule 6(a) of the Rules Governing Section 2254 Cases

23   (the "Habeas Rules") to seek discovery of: (1) his medical, psychiatric, psychological, bed

24   history, and inmate files from his detention at Clark County Detention Center (CCDC) during

25   his detention leading up to and around the time of his conviction; (2) his medical, psychiatric,

26   and psychological files from his incarceration with the Nevada Department of Corrections

27   (NDOC) thereafter; and (3) all recordings of police interviews of himself and witnesses in

28   connection with the investigation of the charges brought against him.

Petitioner seeks the CCDC and NDOC psychiatric, medical and related information in connection with claims in Grounds 1 through 5 grounded upon or involving in whole or in part underlying factual allegations that cognitive impairments, psychiatric illness, and physical limitations made it impossible for him to knowingly, intelligently, and voluntarily enter into a valid plea.

Petitioner seeks the police interview recordings in connection with a claim in Ground 2(A) that his counsel was ineffective for failing to investigate his claims of innocence prior to the plea.

### *Governing Law*

Rule 6(a) provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ."

In *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997), the Supreme Court held that Habeas Rule 6 was meant to be applied consistently with its prior opinion in *Harris v. Nelson*, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), which expressly called for the adoption of the rule. 520 U.S. at 904 & 909, 117 S.Ct. at 1796-97 & 1799. In *Harris*, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner *may*, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300, 89 S.Ct. at 1091 (emphasis added). In *Bracy*, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory that the petitioner sought to pursue in the discovery. 520 U.S. at 908 & 909, 117 S.Ct. at 1799.

The Ninth Circuit, consistent with *Bracy* and *Harris*, accordingly has held repeatedly that habeas discovery is appropriate in cases where the discovery sought only might provide

1  support for a claim.  *See,e.g., Pham v. Terhune*, 400 F.3d 740, 743 (9ᵗʰ Cir. 2005); *Jones v.*

2  *Wood*, 114 F.3d 1002, 1009 (9ᵗʰ Cir. 1997).  *See also Osborne v. District Attorney's Office*,

3  521 F.3d 1118, 1133 (9ᵗʰ Cir. 2008), *reversed on other grounds*, ___ U.S. ___, 129 S.Ct.

4  2308, 174 L.Ed.2d 38 (2009)(in discussing its precedent in *Jones* as to habeas discovery, the

5  Ninth Circuit emphasized the availability of discovery that, as emphasized by the Court of

6  Appeals, only *"may* establish" a factual basis for the petitioner's claim).

### *Discussion*

8  In a very brief response, respondents contend that petitioner has not elaborated as to

9  what efforts were made to obtain the requested information or why the information is needed,

10  that NDOC records generated after petitioner's plea have no bearing on petitioner's mental

11  status when he entered the plea, and that the discovery requests constitute nothing more than

12  a "fishing expedition."

13  The Court is not persuaded.

14  First, it is unclear what respondents expect petitioner to additionally show with regard

15  to efforts to obtain the CCDC and NDOC records and the police interview recordings.  It does

16  not appear from past cases that the government entities in question generally produce such

17  materials voluntarily on request without a court order.  If respondents' position instead is that

18  federal habeas counsel in fact can obtain such materials upon a simple request without a

19  court order, that of course would help expedite matters of this nature significantly.

20  Second, petitioner in fact has adequately outlined why the information is sought.

21  Third, later medical and psychiatric records potentially can shed light upon conditions

22  that existed previously.  The logic advanced that such later-generated records can have no

23  bearing as to an individual's condition at a prior time is flawed.

24  Finally, respondents' frequently-repeated reliance upon the "fishing expedition" refrain

25  rarely has persuaded this Court to deny federal habeas discovery.[1]

26  _____

27  [1] *See, e.g., Allen Koerschner v. Warden*, 3:05-cv-00587-ECR-VPC, #60, at 3 n.1 (rejecting same
argument based on same authority).  Respondents rely upon *Rich v. Calderon*, 187 F.3d 1064 (9ᵗʰ Cir. 1999).

28  (continued...)

IT THEREFORE IS ORDERED that petitioner's motion (#17) for leave to conduct discovery is GRANTED such that the Court authorizes petitioner to seek production of the materials specified in the motion.  No further prior authorization from this Court shall be required pursuant to Habeas Rule 6 in order to pursue specific discovery requests (such as, for example, requests for production or third-party subpoenas) to obtain the discovery sought.

IT FURTHER IS ORDERED that the certification requirements of Rules 26(c)(1) and 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule LR 26-7 shall apply to any disputes with regard to the discovery allowed herein.  The parties shall confer and endeavor in good faith to resolve any discovery disputes in this regard, and they shall seek court intervention only as a last resort.  The provisions of Rules 26 through 37 as to discovery sanctions shall apply.  Any discovery matters in this case, including any emergency discovery disputes under Local Rule LR 26-7(c), will be handled by the Presiding District Judge.

IT FURTHER IS ORDERED that petitioner shall have sixty (60) days from entry of this order to pursue the discovery in question.  Thereafter, petitioner shall have until ninety (90) days from entry of this order to file either a second amended petition, if necessary, or a notice that petitioner is not seeking to amend the petition further as of that time.  The Court thereafter will screen the pleadings then on file prior to ordering further action in the case.

DATED this 9th day of August, 2010.

GLORIA M. NAVARRO
United States District Judge

---

[1](...continued)

In *Rich*, however, the petitioner, who filed his petition ten years after his conviction and two years after the conviction became final, initially filed a petition that was "rife" with unexhausted claims.  After being given an additional four-year opportunity to exhaust his claims, petitioner filed an amended petition that once again contained unexhausted claims.  The district court then gave the petitioner an opportunity to identify which claims had been exhausted, which claims actually presented a federal question, and which claims might provide a basis for habeas relief if favorable evidence was developed.  After five months and a full day of argument, the petitioner was unable to identify claims that might colorably entitle him to relief.  *See* 187 F.3d at 1067.  *Rich* thus is far afield from the present case.